## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ERIC SAMUEL NEWTON, JR., | ) | CASE NO. 1:20-cv-2799 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JAMES E. GRIMES |
| WARDEN NEIL TURNER, | ) | |
| | ) | **ORDER DENYING PENDING** |
| Respondent. | ) | **MOTIONS** |
| | ) | |

Before the Court are Petitioner Eric Newton, Jr.'s Motion to Expand the Record (ECF No. 20), Motion for Discovery (ECF No. 21), and Motion for Evidentiary Hearing (ECF No. 22). Respondent Warden Neil Turner opposed all three motions, (ECF No. 23), and Petitioner filed his reply, (ECF No. 24). For the reasons discussed below, Petitioner's motions are **DENIED**.

## I.  BACKGROUND

Petitioner is an Ohio prisoner who is currently serving a 56-year aggregate prison term on his: (i) 2017 conviction in case no. CR-16-605078-B for engaging in a pattern of corrupt activity, grand theft, breaking and entering, vandalism, aggravated theft, safecracking, receiving stolen property, and possessing criminal tools; and (ii) 2018 conviction in case CR-17-620243-A for pandering sexually oriented material involving a minor, minor in nudity oriented material or performance, and possessing criminal tools with a forfeiture specification. (ECF No. 10-1, PageID #161–63, 197–201). On December 6, 2020, Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C.§ 2254, challenging his 2017 and 2018 state convictions. (ECF No. 1).

On June 4, 2021, Respondent filed a return of writ. (ECF No. 10). Petitioner filed a traverse on July 12, 2021. (ECF No. 11). On September 11, 2023, Magistrate Judge James E.

Grimes, Jr. filed a Report and Recommendation ("R&R") recommending that the Court dismiss the habeas petition.  (ECF No. 17).  Petitioner filed a timely objection to the R&R.  (ECF No. 19).

While the R&R was pending before the Court, Petitioner filed three motions seeking further development of the record: (i) a Motion to Expand the Record, (ECF No. 20); (ii) a Motion for Discovery, (ECF No. 21); and (iii) a Motion for Evidentiary Hearing, (ECF No. 22).  On November 11, 2023, Respondent filed a single response in opposition to the three motions.  (ECF No. 23).  On December 18, 2023, Petitioner filed a reply in support of his three motions.  (ECF No. 24).

## II.    DISCUSSION

### A.    Motion to Expand the Record

Petitioner seeks to expand the record pursuant to Habeas Rules 5 and 7 to include: (i) an October 2015 search warrant for the black Verizon LG-US 985 cell phone belonging to Jose Rivera; (ii) Petitioner's black Verizon LG-VS 985 cell phone; (iii) a pre-order advertising flyer for the LG G3 cell phone; and (iv) relevant trial transcript pages referring to the LG G3 phone.  (ECF No. 20, PageID #3411–12).  Petitioner argues that the requested records were not available to him during the state court proceedings; he also asserts they would help establish the unreliability of the prosecution's star witness and inconsistences in the record, which would entitle him to the relief requested in his habeas petition.  (*Id.* at Page ID #3412–14).

Respondent contends that this motion should be denied because: (i) the request for trial transcripts is moot, as they have already been filed in this action; and (ii) Petitioner cannot introduce materials that were not on the record before the state court when the state court adjudicated Petitioner's claims on the merits.  (ECF No. 23, PageID #3431–32).  Petitioner replies

that the requested material can be introduced in this proceeding because he exercised due diligence in attempting to establish a factual record before the state court.  (ECF No. 24, PageID #3439–41).

Rule 7(a) of the Rules Governing Section 2254 Cases provides that "the Court may direct the parties to expand the record by submitting additional materials relating to the petition."  Rules Governing § 2254 Cases, R. 7(a).  "The decision of whether to expand the record, however, is within the sound discretion of the district court."  *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008); *see also Beuke v. Houk*, 537 F.3d 618, 653 (6th Cir. 2008).  A district court's discretion to expand the record is limited by their inability to consider evidence not presented before the state courts when determining the merits of a claim that the state courts addressed on the merits.  *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."); *Black v. Bell*, 664 F.3d 81, 91 (6th Cir. 2011).  That said, expanding the record for limited purposes still falls within the discretion of the district court.  *See, e.g.*, *Gordon v. Turner*, No. 5:13cv251, 2015 U.S. Dist. LEXIS 84899, at 11–12 (N.D. Ohio June 30, 2015); *Conway v. Houk*, No. 2:07-cv-947, 2011 U.S. Dist. LEXIS 9406, at *6–9 (S.D. Ohio Jan. 26, 2011) (allowing a limited inquiry as to "whether the materials that Petitioner seeks to add to the record would assist the Court in determining whether an evidentiary hearing might be warranted"); *Keenan v. Bagley*, No. 1:01CV2139, 2008 U.S. Dist. LEXIS 82228, at *5 (N.D. Ohio Sep. 22, 2008) (granting motion to expand the record for limited purpose of determining whether the petitioner had exercised diligence in developing the factual record in state court, but "reserv[ing] the right to exclude this evidence from consideration when it reaches the merits of [the petitioner's] claims").

First, Petitioner's request to expand the record with unspecified trial transcripts has been rendered moot, because Respondent filed all relevant state trial transcripts along with his return of writ. (*See* ECF Nos. 10-2, 10-3). Second, the Court finds that Petitioner's other requests to expand the record are unwarranted. The grounds for relief in the instant habeas petition relate to an alleged illegal search of Petitioner's cell phone, fraud on the court by the state prosecutor, insufficient evidence, and ineffective assistance of counsel at both the trial and appellate levels. (ECF No. 1, PageID #11–13). But as explained in the R&R, and the Court's contemporaneously filed opinion and order adopting the R&R, Petitioner's claims are either non-cognizable or procedurally defaulted. (ECF No. 17, PageID #3378–87). Even if the Court were to consider the requested additional evidence, it would not alter the fact that Petitioner claims are non-cognizable or procedurally defaulted.[1]

Accordingly, Petitioner's Motion to Expand the Record (ECF No. 20) is **DENIED**.

## B.     Motion for Discovery

Petitioner seeks discovery in this case pursuant to Habeas Rule 6. (ECF No. 21). Petitioner asserts that evidence relevant to the instant habeas petition was withheld by the state, relevant evidence was not presented at trial due to ineffective assistance of trial counsel, and additional material evidence did not exist at the time of the trial. (*Id.* at PageID #3418–23). Respondent argues that Petitioner's request fails to comply with the requirements under Habeas Rule 6 because it does not state how he wishes to conduct discovery or include proposed discovery requests. (ECF No. 23, PageID #3432–33). Respondent further argues that, to the extent that the proposed

---

[1] The cell phone evidence listed in the Motion to Expand the Record: (i) does not demonstrate good cause to excuse the procedural default of Petitioner's ineffective assistance of appellate counsel claim, which was the only basis for good cause provided by Petitioner to excuse the procedural default of his claims; and (ii) is insufficient to invoke the fundamental miscarriage of justice exception. *See In re Byrd*, 269 F.3d 561, 577 (6th Cir. 2001); *Malcum v. Burt*, 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).

discovery relates to the materials in the Motion to Expand the Record, discovery is unnecessary and unwarranted. (*Id.* at PageID #3433–35). Petitioner contends that the circumstances in this case qualify as good cause and discovery should be permitted by the Court. (ECF No. 24, PageID #3441–42).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A federal habeas court may, in its discretion, authorize a party to conduct discovery upon a showing of good cause. *See* Rules Governing § 2254 Cases, R. 6(a). Before determining whether discovery is warranted, the Court must identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. 899 (citing *United States v. Armstrong*, 517 U.S. 456, (1996)). To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief. *See id.* at 908–09. "The burden of demonstrating the materiality of the information requested is on the moving party." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (quoting *Murphy v. Johnson*, 205 F. 3rd 809, 813–15 (5th Cir. 2000)) (internal quotation marks omitted).

Petitioner's Motion for Discovery does not allege or cite specific facts in dispute which would entitle him to federal habeas relief. (ECF No. 21). Petitioner only conclusively states that discovery is necessary because "relevant evidence" was not presented at trial due to ineffective assistance of counsel and other evidence did not exist or was unavailable at the time of trial. (*Id.* at PageID #3423). Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997). Petitioner's broad, conclusory allegations do not satisfy his burden of establishing the materiality of the information requested.

5

To the extent that Petitioner is seeking discovery related to the cell phone, search warrant, and advertising flyer that are the subject of his Motion to Expand the Record, discovery is not warranted because, as discussed previously, Petitioner's claims are non-cognizable or procedurally defaulted. Discovery on procedurally defaulted claims, for which there is no excuse to overcome that bar, would be futile and there would be no good cause to pursue it. *See Williams*, 380 F.3d at 974–76 (holding that district court did not abuse its discretion in denying discovery requests where the habeas petitioner had procedurally defaulted the claim); *Rasul v. Scott*, 2018 U.S. Dist. LEXIS 248386, at *4 (N.D. Ohio 2018) (finding no good cause for discovery where petitioner's claims are procedurally defaulted or non-cognizable). Petitioner cannot show "good cause" for discovery where his claims are non-cognizable or procedurally defaulted and the Court's review is otherwise limited to the record before the state courts.

Accordingly, Petitioner Motion for Discovery (ECF No. 21) is **DENIED**.

### C. Motion for Evidentiary Hearing

Petitioner's Motion for an Evidentiary Hearing asserts that an evidentiary hearing is necessary to ascertain whether the evidence presented in his Motion to Expand the Record and Motion for Discovery is relevant to the instant habeas petition. (ECF No. 22, PageID #3427). Respondent responds that Petitioner cannot demonstrate he is entitled to an evidentiary hearing to support his non-cognizable and procedurally defaulted claims. (ECF No. 23, PageID #3435–36).

Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, evidentiary hearings are not mandatory in habeas cases. *See Vroman v. Brigano*, 346 F. 3d 598, 606 (6th Cir. 2003). Rule 8 of the Rules Governing Section 2254 Cases provides that:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Rules Governing § 2254 Cases, R. 8.  When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the habeas petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims.  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  "[B]ecause the deferential standards prescribed under 28 U.S.C. § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate."  *Id.*  If the record refutes the petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.  *Id.*  In other words, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit.  *Cf. Stanford*, 266 F.3d at 459 ("[A] petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit.").  An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing."  *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002).

As stated previously, Petitioner's claims are either non-cognizable or procedurally defaulted.  Because the record before the Court precludes relief on the Petitioner's claims, an evidentiary hearing is not required and unwarranted in this proceeding.  *See Alt v. Eppinger*, No. 1:14 CV 100, 2015 U.S. Dist. LEXIS 71051, at *15 (N.D. Ohio Apr. 13, 2015) ("Further, if no cognizable or non-defaulted grounds are before federal court, no evidentiary hearing should be held since additional evidence cannot convert a non-cognizable claim into one upon which relief may be granted, nor, of itself, excuse a procedural default.").

Accordingly, Petitioner's Motion for Evidentiary Hearing (ECF No. 22) is **DENIED**.

## III.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Petitioner's Motion to Expand the Record (ECF No. 20), his Motion for Discovery (ECF No. 21), and his Motion for Evidentiary Hearing (ECF No. 22).  The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Date: April 29, 2024

_____

**CHARLES ESQUE FLEMING**
**UNITED STATES DISTRICT JUDGE**

8