UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC SAMUEL NEWTON, JR., | ) | CASE NO. 1:20-cv-2799 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JAMES E. GRIMES |
| WARDEN NEIL TURNER, | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Respondent. | ) | **MAGISTRATE JUDGE'S REPORT** |
| | ) | **AND RECOMMENDATION** |

On December 12, 2020, Petitioner Eric Samuel Newton, Jr. ("Petitioner") filed a Writ of Habeas Corpus under 28 U.S.C.§ 2254. (ECF No. 1). On September 11, 2023, Magistrate Judge James E. Grimes, Jr. filed a Report and Recommendation ("R&R") recommending that the Court deny and dismiss the Petition. (ECF No. 17). After receiving an extension of time, (ECF No. 18), Petitioner timely filed his objections to the R&R on October 18, 2023. (ECF No. 19). Upon consideration of Petitioner's objections, and a *de novo* review of the portions of the record to which Petitioner has objected, the Court **ADOPTS** the R&R in its entirety and **DENIES** and **DISMISSES** the Petition.

I.  **FACTUAL BACKGROUND**

Magistrate Judge Grimes' R&R provides a thorough account of the events preceding the Petition. The state court history involves two separate criminal proceedings that originated in the Cuyahoga County Court of Common Pleas: (i) CR-16-605078-B ("First Case"); and (ii) CR-17-620243-A ("Second Case"). This Court will only briefly summarize the relevant factual and procedural history.

1

A. **Trial Court Proceedings**

In the First Case, a Cuyahoga County Grand Jury indicted Petitioner for engaging in a pattern of corrupt activity, grand theft, breaking and entering, vandalism, aggravated theft, safecracking, receiving stolen property, and possessing criminal tools in April 2016.[1] (ECF No. 17, PageID #3366). After a hearing, the trial court denied Petitioner's motion to suppress, which had challenged the seizure of his cell phone and the search warrant authorizing the search of his cell phone. (*Id.*). In October 2017, a jury found Petitioner guilty on all counts, save one count of theft and one count of receiving stolen property. (*Id.*). In April 2018, the trial court sentenced Petitioner to an aggregate 22-year term of imprisonment. (*Id.* at PageID #3366–67).

In the Second Case, a Cuyahoga County Grand Jury indicted Petitioner on 31 charges: (i) 22 counts of pandering sexually-oriented matter involving a minor, with 17 in violation of Ohio Rev. Code § 2907.322(A)(2) and 5 in violation of Ohio Rev. Code § 2907.322(A)(1); (ii) 8 counts of illegal use of a minor in nudity-oriented material or performance, with 3 in violation of Ohio Rev. Code § 2907.323(A)(1) and 5 in violation of Ohio Rev. Code § 2907.323(A)(3); and (iii) 1 count of possessing criminal tools in violation of Ohio Rev. Code § 2923.24(A). (*Id.* at PageID #3367). Petitioner filed a motion to suppress on the same grounds raised in the First Case, which the trial court again denied. (*Id.*). In February 2018, a jury found Petitioner guilty on all 31 counts of the indictment. (*Id.*). In May 2018, the trial court sentenced Petitioner to an aggregate

---

[1] The charges against Petitioner were: 1 count of engaging in a pattern of corrupt activity, in violation of Ohio Rev. Code § 2923.32(A)(1); 14 counts of breaking and entering in violation of Ohio Rev. Code § 2911.13(A); 14 counts of vandalism in violation of Ohio Rev. Code § 2909.05(B)(1)(a); 4 counts of grand theft in violation of Ohio Rev. Code § 2913.02(A)(1); 8 counts of theft in violation of Ohio Rev. Code § 2913.02(A)(1); 3 counts of safecracking in violation of Ohio Rev. Code § 2911.31(A); 4 counts of receiving stolen property in violation of Ohio Rev. Code § 2913.51(A); 1 count of possessing criminal tools in violation of Ohio Rev. Code § 2923.24(A); and 1 count of having weapons under disability in violation of Ohio Rev. Code § 2923.13(A)(2). (ECF No. 10-1, PageID #121–39).

34-year term of imprisonment, to run consecutive to the sentence in the First Case. (*Id.* at PageID #3367–68).

    **B.**    **Direct Appeals**

Petitioner timely appealed the First Case and Second Case, and the Ohio court of appeals ordered the cases to be treated as companion appeals. (ECF No. 10-1, PageID #430). As to the First Case, he asserted eight assignments of error that were rejected on September 5, 2019. (ECF No. 17, PageID #3368–69). As to the Second Case, he asserted two assignment of errors that were rejected on September 12, 2019. (*Id.* at PageID #3370). Notably, Petitioner raised an assignment of error in both cases that asserted the trial court erred in denying Petitioner's motion to suppress evidence relating to evidence seized in the traffic stop of Petitioner—namely, Petitioner's cell phone. (*Id.* at PageID #3368, 3370).

Petitioner appealed the First Case to the Ohio Supreme Court, raising two propositions of law for the Court to review:

> Proposition of Law I: It is reckless disregard for the truth to affirmatively name the owner of property in a warrant affidavit when, in fact, the owner is unknown.
>
> Proposition of Law II: The mere presence of a cell phone at the time crimes are believed to have been committed or at the time suspects are taken into custody does not establish probable cause to search the contents of the phone.

(ECF No. 10–1, PageID #3369). The Ohio Supreme Court declined to accept jurisdiction over the appeal on January 21, 2020. (*Id.* at PageID #3370). Petitioner filed a petition for a Writ of Certiorari in the United States Supreme Court on March 12, 2020, which was denied on May 26, 2020. (*Id.*).

Petitioner appealed the Second Case to the Ohio Supreme Court, raising the same two propositions of law that were raised on appeal in the First Case:

> Proposition of Law I: It is reckless disregard for the truth to affirmatively name the owner of property in a warrant affidavit when, in fact, the owner is unknown.

> Proposition of Law II: The mere presence of a cell phone at the time crimes are believed to have been committed or at the time suspects are taken into custody does not establish probable cause to search the contents of the phone.

(*Id.* at PageID #3370–71). The Ohio Supreme Court declined to accept jurisdiction over the appeal on December 17, 2019. (*Id.* at PageID #3371). Petitioner filed a petition for a Writ of Certiorari in the United States Supreme Court on March 5, 2020, which was denied on May 18, 2020. (*Id.*).

### C.     Collateral Proceedings

Shortly before the Ohio Supreme Court declined to review Petitioner's appeal in the Second Case, Petitioner filed an application to reopen the appeal pursuant to Ohio App. Rule 26(B)(2)(C). (*Id.* at PageID #3371). Petitioner argued that his appellate counsel was ineffective for failing to challenge the warrant that authorized the search of his cell phone. (*Id.* at PageID #3372). The Ohio Court of Appeals denied Petitioner's application on January 31, 2020. (*Id.*). Petitioner filed a motion in the Ohio Supreme Court for leave to file a delayed appeal, that was denied on October 25, 2022. *See State v. Newton*, 168 Ohio St. 3d 1417 (Ohio 2022).

### D.     Instant Habeas Proceeding

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus on December 6, 2020, raising four grounds for relief:

> Ground One: Petitioner-Newton's Fourteenth Amendment right to Due Process was violated by the State prosecutor committing fraud upon the court, by introducing evidence obtained through illegal search of Petitioner's cell phone which was obtain by the falsification of a search warrant affidavit.
>
> Ground Two: Petitioner-Newton's Fourteenth Amendment Due Process right was violated by the State prosecutor fraud upon the court, and there was insufficient evidence to sustain a conviction against Petitioner.
>
> Ground Three: Petitioner-Newton's Sixth Amendment right to Effective Assistance of Trial and Appellate Counsel was violated, both counsels['] performance were deficient, and fell below an objective standard, because neither argued, nor

4

preserved his Fourth Amendment right to unreasonable search and seizures issue in any meaningful way.

Ground Four: Petitioner-Newton's Sixth Amendment right was violated by the Trial Counsel committing fraud upon the court by ignoring Petitioner's constantly informing Counsel that the Cell Phone belong to him and not Jose Rivera, and that [body cam] video existed, thereby assisting the State prosecutor in Brady v. Maryland, violation, at the Suppression Hearing, 373 U.S. 83.

(ECF No. 1, PageID #11–13). Magistrate Judge Grimes recommended denying and dismissing the habeas petition. (ECF No. 17). He found that Petitioner's Ground One was non-cognizable and all remaining grounds were procedurally defaulted. (*Id.* at PageID #3378–87). Petitioner filed a timely objection to Magistrate Judge Grimes's R&R, challenging his findings as to Grounds One, Two, and Three. (ECF No. 19).

## II.   LEGAL STANDARD

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the report and recommendation to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt a report and recommendation without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985). Pursuant to Fed. R. Civ. Proc. 72(b)(3), a district judge:

> [M]ust determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. Proc. 72(b)(3). An objection must address specific issues within the magistrate judge's report and recommendation. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That means that a petitioner must direct "the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position." *Ayers v.*

*Bradshaw*, No. 3:07cv2663, 2008 WL 906100, at *2 (N.D. Ohio, Mar. 31, 2008) (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)).

### III. DISCUSSION

#### A. Objections – Ground One and Non-Cognizablility

Ground One alleges that Petitioner's Fourteenth Amendment right to due process was violated after the prosecutor introduced evidence obtained through an illegal search of his cell phone after the prosecutor submitted a false affidavit in support of a search warrant. (ECF No. 1, PageID #11–12). The Magistrate Judge construed Ground One as a Fourth Amendment challenge to the alleged illegal search and seizure of Petitioner's cell phone (the same claim he raised at every level of the state appellate system) and found that Ground One is not cognizable because: (i) Petitioner had a fair opportunity to present his suppression issue to the state courts; and (ii) as a result, the decision in *Stone v. Powell*[2] "prohibits federal habeas corpus review of a state prisoner's Fourth Amendment claim." (ECF No. 17, PageID #3378–80).

Petitioner objects to the R&R's conclusion that his Fourth Amendment claim is non-cognizable pursuant to *Powell*. (ECF No. 19, PageID #3394–98). The Supreme Court in *Powell* held "where the State has provided an opportunity for *full and fair litigation* of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (emphasis added). Petitioner contends that he did not receive an opportunity for full and fair litigation of his Fourth Amendment claim because materially exculpatory video evidence in the case was deliberately destroyed. (ECF No. 19, PageID #3395). "[T]he *Powell* 'opportunity for full and fair consideration' means an available avenue for the

---

[2] *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976)

prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013) (quoting *Powell*, 428 U.S. at 494). The 'full and fair' litigation requirement is not satisfied if "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure." *Id.* at 639 (quoting *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994)).

The record reflects that Petitioner raised a Fourth Amendment claim challenging the search and seizure of his cell phone in a suppression motion in both the First Case and Second Case. (ECF No. 10-1, PageID #141, 178). Moreover, Petitioner challenged the denial of the suppression motion on direct appeal in both his cases (*id.* at PageID #257, 376), and he raised the issue in both of his appeals to the Ohio Supreme Court (*id.* at PageID #330, 450). Under these circumstances, it cannot be said that the state did not provide a procedure for Petitioner to raise a Fourth Amendment claim—procedures which he fully took advantage of in both his cases. Petitioner was afforded an opportunity for full and fair litigation of his claims. To the extent he intended to assert a Fourth Amendment claim, Ground One is barred by *Powell*.[3]

The Petitioner also objected to the Magistrate Judge's "recasting" of his Fourteenth Amendment claim as a Fourth Amendment claim, alleging this recasting was contrary to *Franks v. Delaware*.[4] (ECF No. 19, PageID #3393–94). *Franks v. Delaware* established the right of a

---

[3] The cases cited by Petitioner for the principle that federal courts can accept jurisdiction over collateral attacks by state prisoners premised on Fourth Amendment violations are inapplicable. (ECF No. 19, PageID # 3394 (citing *Schneckloth* v. *Bustamonte,* 412 U.S. 218, 250 (1973) (Powell, J., concurring); *Lefkowitz* v. *Newsome,* 420 U.S. 283, 291-292, and nn. 8, 9 (1975); *Cardwell* v. *Lewis,* 417 U.S. 583 (1974); *Cady* v. *Dombrowski,* 413 U.S. 433 (1973); *Adams* v. *Williams,* 407 U.S. 143 (1972); and *Whiteley* v. *Warden,* 401 U.S. 560 (1971)). Those cases were all overruled by *Powell.* See 428 U.S. at 519 ("Consideration of the merits in each of these decisions reaffirmed the unrestricted scope of habeas jurisdiction, but each decision must be deemed overruled by today's holding.").
[4] 438 U.S. 154 (1978).

defendant, under the Fourth and Fourteenth Amendments, to challenge the truthfulness of the factual statements made in an affidavit supporting a search warrant. 438 U.S. 154, 155 (1978). Petitioner alleges that the prosecutor violated his due process rights and committed fraud on the court by introducing evidence obtained based on the submission of a false affidavit. (ECF No. 1, PageID #11–12). However, Petitioner did not present such a due process claim before the Ohio Court of Appeals. Instead, as recognized by Magistrate Judge Grimes, he presented only a Fourth Amendment claim on direct appeal. (ECF No. 10. PageID #3380; ECF No. 10-1, PageID #220–21, 247–58, 294, 386–90). Thus, to the extent that Petitioner objects to the Magistrate Judge's "reframing" of his claim, Petitioner has procedurally defaulted any due process/fraud on the court claim relating to the falsification of the search warrant for his cell phone because Petitioner failed to raise such a due process/fraud claim at each and every stage of state review.[5]

Accordingly, the Court **OVERRULES** Petitioner's objection as to Ground One.

B.     **Objections – Grounds Two and Three and Procedural Default**

2.     *Ground Two*

Ground Two alleges that the prosecutor committed fraud upon the court, and that the evidence against him was insufficient to sustain a conviction, in violation of his Fourteenth Amendment due process rights. (ECF No. 1, PageID #12). The Magistrate Judge concluded that Ground Two was procedurally defaulted. (ECF No. 17, PageID #3382). After *de novo* review of the record, the Court agrees.

A claim will be considered procedurally defaulted if: (i) the petitioner has failed to comply with a state procedural rule; (ii) the state courts enforced the rule; (iii) the state procedural rule is an adequate and independent state law ground for denying review of a federal constitutional claim;

---

[5] As discussed in the following section, Petitioner cannot establish good cause or a fundamental miscarriage of justice to excuse the procedural default of his claims in the instant petition.

and (iv) the petitioner cannot show cause and prejudice to excuse the default. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A state habeas petitioner must give the state courts a "*fair*" opportunity to act on his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (emphasis in original). If the petitioner hasn't done so and has no legal mechanism by which to do so now, the claim he failed to present is procedurally defaulted, which means this court cannot act on the claim either. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Williams v. Anderson*, 460 F.3d 789, 809 (6th Cir. 2006). For a claim to have been fairly presented, the factual and legal basis of the claim asserted by the petitioner must have been raised at each and every stage of state review. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams*, 460 F.3d at 806.

In both cases (the First Case and Second Case), Petitioner did not raise his fraud on the court claim on direct appeal before the Ohio Court of Appeals or before the Ohio Supreme Court. (ECF No. 10-1 at PageID #257, 376). Petitioner raised an insufficient evidence claim in the direct appeals of the First Case and Second Case (*id.* at PageID #220, 376), but he failed to raise those same claims in his subsequent appeals to the Ohio Supreme Court (*id.* at PageID #330, 450). "Failure to present an issue to the state supreme court on discretionary review constitutes procedural default." *Williams*, 460 F.3d at 806; *English v. Banks*, No. 1:11-cv-675, 2012 WL 3070742, at *15 (S.D. Ohio July 30, 2012) (citing *O'Sullivan*, 526 U.S. at 848). Thus, Petitioner's fraud and insufficient evidence claims under Count Two are procedurally defaulted.

Petitioner argues that the procedural default should be excused because: (i) his ineffective assistance of appellate counsel constitutes good cause for the failure to present his claims; and (ii) the fundamental miscarriage of justice exception applies. (ECF No. 19, PageID #3999–405). While a claim for ineffective assistance of appellate counsel may serve as cause to excuse a

9

procedural default, it can only do so if the ineffective assistance of appellate counsel claim itself is not procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 451-53, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000); *Buchanan v. Curley*, 2024 U.S. App. LEXIS 5916, at *11 (6th Cir. 2024). As discussed in the following section, Petitioner's ineffective assistance of appellate counsel claim is procedurally defaulted. Thus, it cannot serve as cause to excuse the procedural default of Ground Two or any other grounds for relief asserted by Petitioner.

Petitioner's reliance on the fundamental miscarriage of justice exception is unavailing. (ECF No. 19, PageID #3404). A "fundamental miscarriage of justice" occurs only when the procedurally defaulted claim, supported by new and reliable evidence not presented at trial, would establish that the petitioner was "actually innocent" of the offense. *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (A "fundamental miscarriage of justice" can occur only when the procedurally defaulted claim would establish that the petitioner was "actually innocent."); *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual[] innocen[ce]" means "factual innocence, not mere legal insufficiency."); *see also Schlup v. Delo*, 513 U.S. 298, 324 (1995) (An actual innocence claim must be supported by "new reliable evidence . . . that was not presented at trial."). This standard is demanding and rarely satisfied. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933, 185 L. Ed. 2d 1019 (U.S. 2013).

In support of his actual innocence claim, Petitioner references newly discovered "exculpatory scientific evidence and trustworthy eyewitness accounts." (ECF No. 19, PageID #3405). A credible actual innocence claim must be supported with "new reliable evidence," such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. Petitioner provided a sworn affidavit from a fellow inmate at the North Central Correctional Complex to support his actual innocence claim. (ECF No. 19-1).

10

The fellow inmate attests that: (i) Petitioner has maintained that he is "actually innocent" of the crimes of conviction; (ii) there is evidence on Petitioner's cell phone that will exonerate him (alleged text messages and email messages); and (iii) Petitioner's father has "critical information" concerning Petitioner's cell phone.  (*See id.* at PageID #3408–09).  But Petitioner did not submit this alleged "new evidence" along with his objections to the R&R, or in any other filings before the Court.  Nor does he adequately explain why he could not have discovered this evidence sooner through the exercise of due diligence and how this new evidence would establish his actual innocence. This affidavit does not provide "new evidence" concerning the actual facts of the underlying case.  It merely provides unsupported allegations that such evidence exists and demonstrates that Petitioner and the fellow inmate have discussed Petitioner's habeas proceeding and the underlying cases.  Such a submission does not meet the high threshold for applying the actual innocence exception to this case.

Accordingly, Petitioner's objections at to Ground Two are **OVERRULED**.

        2.      *Ground Three*

Ground Three alleges that Petitioner's trial and appellate counsel were ineffective because neither "argued nor preserved his Fourth Amendment right [against] unreasonable search and seizures issue in any meaningful way." (ECF No. 1, PageID #12).  The Magistrate Judge's R&R concluded that Petitioner's Ground Three was procedurally defaulted.  (ECF No. 17, PageID #3385–87).  After *de novo* review of the record, the Court agrees.

Petitioner raised an ineffective assistance of trial counsel claim on direct appeal in the First Case (ECF No. 10-1, PageID #220–21), but he did not raise any claim for ineffective assistance of trial counsel in his appeal to the Ohio Supreme Court (*id.* at PageID #329–41).  In the Second Case, Petitioner did not raise any ineffective assistance of trial counsel claim on direct appeal or

11

before the Ohio Supreme Court. (*Id.* at PageID #376–77, 450, 458–63). Thus, Petitioner's claims of ineffective assistance of trial counsel in the First Case and Second Case are procedurally defaulted because Petitioner did not present those claims at each and every level of state review.

Petitioner raised a claim for ineffective assistance of appellate counsel in his Rule 26(B) application to reopen his appeal in the First Case. (*Id.* at PageID #468–78). But the Ohio Court of Appeals denied the application, and Petitioner did not appeal the decision to the Ohio Supreme Court. (*Id.* at PageID #485–90). After the time to appeal had lapsed, Petitioner filed a motion for a delayed appeal in the Ohio Supreme Court, which was denied. *See State v. Newton*, 168 Ohio St. 3d 1417 (Ohio 2022). Because Petitioner did not present his ineffective assistance of appellate counsel claim at each and every level of state review, that claim is procedurally defaulted.

Because the ineffective assistance of appellate counsel claim is procedurally defaulted, it cannot be used to excuse the default of Petitioner's ineffective assistance of trial counsel claims. Petitioner makes no other arguments for good cause to excuse his ineffective assistance claims. And, as previously discussed, the fundamental miscarriage of justice exception does not apply in this case.

Accordingly, Petitioner's objections as to Ground Three are **OVERRULED.** "

## IV.  CERTIFICATE OF APPEALABILITY

Title 28 U.S.C. § 2253 requires the Court to determine whether to grant a certificate of appealability for a claim presented in the Petition. The relevant subsection of § 2253 states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

To make a substantial showing, Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). If a district court dismisses constitutional claims on the merits, "petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Petkovic v. Clipper*, No. 1:14-cv-02292, 2016 WL 3950083, at *2 (N.D. Ohio, July 19, 2016). Based on the record and relevant law, a reasonable jurist could not find this Court's assessment of Petitioner's constitutional claims debatable or wrong. Therefore, no certificate of appealability will issue from this ruling.

## V.    CONCLUSION

For the foregoing reasons, Petitioner's Objections (ECF No. 19) are **OVERRULED**. The Court **ADOPTS** Magistrate Judge Grimes's R&R and incorporates it fully herein by reference. The Petition is hereby **DENIED** and **DISMISSED**. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Dated: April 29, 2024

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**